# 1IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| RENE OLGUIN AND DEBRA GARCIA OLGUIN, INDIVIDUALLY AND AS HEIRS OF THE ESTATE OF FABIAN RENE OLGUIN; AND MONICA OLGUIN, INDIVIDUALLY AND AS NEXT FRIEND OF AH AND KZH MINOR CHILDREN. § § § § § § § Plaintiffs, § v. § § SOUTHERN SPECIALTIES § TRANSPORTATION LLC; AND § SHANE RICKY PRUDHOMME § Defendants § | CIVIL ACTION NO. 5:16-cv-65 (JURY REQUESTED) |

## PLAINTIFF'S FIRST COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now comes **RENE OLGUIN AND DEBRA GARCIA OLGUIN, INDIVIDUALLY AND AS HEIRS OF THE ESTATE OF FABIAN RENE OLGUIN; AND MONICA OLGUIN, INDIVIDUALLY AND AS NEXT FRIEND OF AH AND KZH., MINOR CHILDREN**, hereinafter ("Plaintiffs") by and through their undersigned attorney of record and in accordance with 28 U.S.C. § 1332 of the Federal Rules of Civil Procedure and files this their First Complaint against **SOUTHERN SPECIALTIES TRANSPORTATION LLC, and SHANE RICKY PRUDHOMME.** In support of this cause of action Plaintiffs would respectfully show the Court the following:

### I.   PARTIES

1. Plaintiffs **DEBRA OLGUIN** and **RENE OLGUIN** are the biological parents of **FABIAN RENE OLGUIN**, DECEASED, hereinafter sometimes referred to as **"FABIAN"**.

Plaintiff **MONICA OLGUIN** is the spouse of **FABIAN RENE OLGUIN**, DECEASED, and **NEXT FRIEND TO THE MINOR CHILDREN, AH and KZH**. Minor children **AH and KZH** are heirs to the estate. Plaintiffs are citizens of the State of Texas. They sue in their individual capacities and as such, are the wrongful death beneficiaries and heirs.

2. Defendant **SOUTHERN SPECIALTIES TRANSPORTATION LLC** hereinafter sometimes referred to as "**SOUTHERN TRANSPORTATION**" is a limited liability company organized under the laws of Louisiana. **SOUTHERN TRANSPORTATION** may be served by its registered agent Jonathan Colligan at C/O Jonathan Colligan PO Box 328, Estherwood, Acadia Parish, Louisiana 70534. Southern Specialties' three LLC members are Jonathan Colligan, Jessica Colligan, and Joshua Stewart, all of whom are citizens of the State of Louisiana.

3. Defendant **SHANE RICKY PRUDHOMME**, hereinafter **"PRUDHOMME"** is an individual and, at the time of the incident, was an employee of **SOUTHERN SPECIALTIES TRANSPORTATION LLC**, hereinafter referred to as **"SOUTHERN TRANSPORTATION"**, acting within the scope of employment. Defendant **PRUDHOMME** may be served with process at 1221 Rose Street, Eunice, Saint Landry Parish, Louisiana 70535, or where ever he may be found.

## II. STATUTORY BASIS FOR JURISDICTION

A. **Diversity of Citizenship**

4. Plaintiffs bring their complaint under federal diversity jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of costs and interest.

5. Jurisdiction over Defendant **SHANE RICKY PRUDHOMME** is proper because he is a citizen of the State of Louisiana.

6. Jurisdiction over Defendant **SOUTHERN SPECIALTIES TRANSPORTATION LLC** is proper because it is a limited liability company organized under the laws of Louisiana, with its principal place of business in Estherwood, Louisiana. Furthermore, all three of Southern Specialties' LLC members are citizens of the State of Louisiana.

### III. STATEMENT OF FACTS

7. There is complete diversity pursuant to 28 U.S.C. § 1332.  On October 24, 2015, Plaintiff **FABIAN RENE OLGUIN** was on his way home from work.  **FABIAN** was employed by ConocoPhillips Co., as a mainline multi skilled operator.  **FABIAN** and his wife Plaintiff, **MONICA OLGUIN,** had just taken custody of two (2) small children **AH and KZH**.  **FABIAN** and **MONICA OLGUIN** were in the process of adopting the children and had submitted all the paperwork to get the adoption completed.

8. The weather was poor on October 24, 2015; it was raining and the roads were slick and dangerous.  **FABIAN** was aware of the perilous conditions and was driving ten (10) miles <u>under</u> the speed limit at the time of the accident.

9. As **FABIAN** approached the intersection of FM 627 and State Highway 80, in Karnes County, Texas, a 2013 Kenworth 18 wheeler, driven by Defendant **PRUDHOMME,** sped through a stop sign.  **FABIAN's** truck struck the trailer of Defendant **PRUDHOMME's** vehicle.  **FABIAN** died at the scene.

10. Defendant **PRUDHOMME** purports to be a professional truck driver, possessing a commercial driver's license. However, on October 24, 2015, his actions were anything but

professional. The road that Defendant **PRUDHOMME** was driving, FM 627 has only two (2) lanes, and limited shoulders. At 7:30 p.m., on a slick County road, Defendant **PRUDHOMME** was driving in excess of 65 miles an hour. As he approached the intersection of FM 627 and SH 80, Defendant **PRUDHOMME** realized he was not going to be able to stop his truck. He panicked, briefly applied his brakes and then accelerated through the stop sign.

11. After the accident Defendant **PRUDHOMME** had the opportunity to own up to his actions. Instead, he lied. He lied to the DPS Officer at the scene and to others who investigated this accident. Defendant **PRUDHOMME** told the DPS Officer that he was stopped at the intersection at FM 627 and SH 80, and that he attempted to cross the highway and simply did not make it before the impact.

12. Subsequent to the accident, information from the trucks ECM, a data recording device, indicated the speed Defendant **PRUDHOMME** was traveling at the time of impact and when and where he briefly applied his brakes. His deception was uncovered. The police report indicates that possible criminal charges are pending.

13. At the time of the accident Defendant **PRUDHOMME** was driving for Defendant **SOUTHERN TRANSPORTATION.**

### IV.   FIRST CAUSE OF ACTION
(**NEGLIGENCE of SOUTHERN SPECIALTIES TRANSPORTATION LLC**
and **SHANE RICKY PRUDHOMME** )

14. Defendants **SOUTHERN TRANSPORTATION** and **PRUDHOMME**, committed acts of omission and commission, which collectively and severally, constituted negligence, which negligence was a proximate cause of the injuries to Plaintiffs, and the physical pain and mental anguish they have suffered. Defendant **PRUDHOMME** had a duty to exercise ordinary care and operate his vehicle reasonably and prudently. Defendant **PRUDHOMME**

breached that duty in one or more of the following ways:

    a.      Failing to keep a proper lookout;
    b.      Failing to stop at a stop sign;
    b.      Failing to timely apply his brakes in order to avoid the collision in question;
    c.      Failure to control the speed of his vehicle as necessary to avoid colliding with another vehicle that is on the roadway in compliance with law and the duty of each person to use due care;
    d.      Driving the vehicle at a rate of speed greater than at which an ordinary and prudent person would have driven under the same or similar circumstances and with regard for actual and potential hazards then existing; and
    e.      Unlawfully driving his vehicle at a speed above the posted speed limit;

15. The Defendants committed various acts of negligence, as described above, which both individually and collectively were proximate, and producing causes of the occurrence and the injuries and damages sustained by the Plaintiffs. The acts of negligence include, but are not limited to Defendant **SOUTHERN TRANSPORTATION** and Defendant **PRUDHOMME's** failure to provide proper maintenance for the truck involved in the incident, as well as its failure in retaining improperly trained personnel. Further, Defendant **PRUDHOMME** failed to operate the 18-wheeler in a safe manner. Moreover, Defendant's employee, **PRUDHOMME** failed to follow the appropriate traffic laws mandated for the safe operation of the truck on the roads and highways of the State of Texas.

### V.   SECOND CAUSE OF ACTION
### NEGLIGENT ENTRUSTMENT

16. Defendant **SOUTHERN TRANSPORTATION** was the registered owner and operator of the 18-wheeler driven by Defendant **PRUDHOMME**. Defendant **PRUDHOMME** was operating the vehicle with the full knowledge and permission of Defendant **SOUTHERN TRANSPORTATION**. Plaintiffs hereby allege that Defendant **SOUTHERN TRANS-PORATION** negligently entrusted the vehicle to its employee, Defendant **PRUDHOMME**. The

negligence of Defendant **PRUDHOMME** while operating the vehicle in question proximately caused the injuries and damages alleged herein. Defendant **SOUTHERN TRANSPORTATION** should have reasonably anticipated that the injuries and damages suffered by Plaintiffs would result as a natural and probable consequence of entrusting its employee with its vehicle due to the fact that Defendant **PRUDHOMME** was an incompetent or reckless driver at the time of the entrustment.

## VI.   THIRD CAUSE OF ACTION
## RESPONDEAT SUPERIOR

17.     In addition to the causes of action alleged above, Defendant **SOUTHERN TRANSPORTATION** is liable to Plaintiffs pursuant to the theory of *Respondeat Superior*. Here, Defendant **PRUDHOMME** was an employee and/or agent of Defendant **SOUTHERN TRANSPORTATION**.  His negligent acts, as described herein, occurred while he was in the course and scope of his employment with Defendant **SOUTHERN TRANSPORTATION** and are thus liable for the actions of its employee and/or agent and the resulting damages to Plaintiffs.

## VII.   DAMAGES

18.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

19.     In addition to the damages mentioned in the preceding paragraphs as a direct and proximate result of the intentional and unlawful conduct of Defendants, Plaintiffs have suffered, and in reasonable probability will continue to suffer damages, as described in the paragraphs below.   TEX. CIV. PRAC.& REM. CODE §71.001 *et. seq.*

20.     Plaintiffs **RENE OLGUIN**, **DEBRA GARCIA OLGUIN**, **MONICA OLGUIN**, **and AH and KZH, MINORS** as Heirs to the Estate of **FABIAN RENE OLGUIN**, Deceased, bring this survival action pursuant to TEX. CIV. PRAC. & REM. CODE §71.021**.**   As a direct

and proximate result of Defendants' tortious acts, **FABIAN RENE OLGUIN**, Deceased, suffered pain and mental anguish from the time of the accident, until his death. Funeral expenses were also incurred. This claim survives to the Decedent's Estate and such claim is hereby made.

21. Plaintiffs, **RENE OLGUIN** and **DEBRA GARCIA OLGUIN**, bring this action pursuant to TEX. CIV. PRAC & REM. CODE §§71.001 – 71.011. Plaintiffs are statutory beneficiaries and may bring this action for the wrongful death of their son, **FABIAN RENE OLGUIN**. Under the Texas Wrongful Death Act, Plaintiffs, as surviving parents of the Decedent, are entitled to recover damages for the following:

   a. Pecuniary Loss resulting from the death of **FABIAN RENE OLGUIN**, including, but not limited to, the care, maintenance, support, services, education advice, counsel, and reasonable contributions of pecuniary value, excluding loss of inheritance, that the surviving parents would have received from **FABIAN**, had he lived.
   b. Termination of the Parent-Child Relationship: The positive benefits flowing from the love, support, companionship, and society that Plaintiffs in reasonable probability, would have received from **FABIAN**, had he lived.
   c. Mental Anguish suffered by the surviving parents as a result of the death of **FABIAN**, including, but not limited to, the emotional pain, torment, and suffering that Plaintiffs would, in reasonable probability, experience from the death of **FABIAN**.
   d. Loss of Household services;
   e. Loss of Inheritance: the earnings, if any, of the Decedent in excess of the amount he would have used for the support of himself and his family, and in which reasonable probability, would have been added to his estate and left to the parents at his natural death had he lived.
   f. Exemplary damages, attorney fees and costs.

22. Plaintiff, **MONICA OLGUIN**, brings this action pursuant to TEX. CIV. PRAC & REM. CODE §§71.001 – 71.011. Plaintiff is a statutory beneficiary and may bring this action for the wrongful death of her beloved husband, **FABIAN RENE OLGUIN**. Under the Texas Wrongful Death Act, Plaintiff, as surviving spouse of the Decedent, is entitled to recover

damages for the following:

    a. Pecuniary Loss resulting from the death of **FABIAN RENE OLGUIN**, including, but not limited to, the care, maintenance, support, services, education advice, counsel, and reasonable contributions of pecuniary value, excluding loss of inheritance that the surviving spouse would have received from **FABIAN**, had he lived.

    b. Termination of the Husband-Wife Relationship: The positive benefits flowing from the love, support, companionship, and society that Plaintiff in reasonable probability, would have received from **FABIAN**, had he lived.

    c. Mental Anguish suffered by the surviving spouse as a result of the death of **FABIAN**, including, but not limited to, the emotional pain, torment, and suffering that Plaintiff would, in reasonable probability, experience from the death of **FABIAN**.

    d. Loss of Household services;

    e. Loss of Inheritance: the earnings, if any, of the Decedent in excess of the amount he would have used for the support of himself and his family, and in which reasonable probability, would have been added to his estate and left to the spouse at his natural death had he lived.

23. Plaintiffs, **AH and KZH, MINORS**, bring this action pursuant to TEX. CIV. PRAC & REM. CODE §§71.001 – 71.011. Plaintiffs are statutory beneficiaries and may bring this action for the wrongful death of their beloved father, **FABIAN RENE OLGUIN**. Under the Texas Wrongful Death Act, Plaintiffs, as surviving minor children of the Decedent, are entitled to recover damages for the following:

    a. Pecuniary Loss resulting from the death of **FABIAN RENE OLGUIN**, including, but not limited to, the care, maintenance, support, services, education advice, counsel, and reasonable contributions of pecuniary value, excluding loss of inheritance that the surviving children would have received from **FABIAN**, had he lived.

    b. Termination of the Father-Child Relationship: The positive benefits flowing from the love, support, companionship, and society. Loss of consortium in the past and that they will suffer in the future of which, in reasonable probability, would have received from **FABIAN**, had he lived.

    c. Mental Anguish suffered by the surviving children as a result of the death of **FABIAN**, including, but not limited to, the emotional pain, torment, and suffering that Plaintiffs would, in reasonable probability, experience from the death of

        **FABIAN**.

D      Loss of Inheritance: the earnings, if any, of the Decedent in excess of the amount he would have used for the support of himself and his family, and in which reasonable probability, would have been added to his estate and left to the children at his natural death had he lived.

24.      Plaintiffs seek damages in excess of $75,000.00.

## VIII.   JURY DEMAND

25.      Plaintiffs respectfully demand a jury trial pursuant to Federal Rule of Civil Procedure 38(b).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs hereby respectfully request that Defendants be held liable for actual damages above the jurisdictional minimum of the Court, costs of Court, pre-judgment interest, post-judgment interest, expenses and all other relief to which Plaintiffs are justly entitled, at law or in equity.

Respectfully submitted,

/s/ Tim Maloney_____
**TIM MALONEY**
State Bar No. 12887380
**LAW OFFICES OF MALONEY & CAMPOLO**
926 S. Alamo
San Antonio, Texas   78205
(210) 922-2200 – Telephone
(210) 923-1313 – Facsimile
tmaloney@maloneyandcampolo.com
mlopez@maloneyandcampolo.com

ATTORNEYS FOR PLAINTIFF'S