IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RENE OLGUIN AND DEBRA GARCIA OLGUIN, INDIVIDUALLY AND AS HEIRS OF THE ESTATE OF FABIAN RENE OLGUIN; AND MONICA OLGUIN, INDIVIDUALLY AND AS NEXT FRIEND OF AH, KZH, AND FO MINOR CHILDREN.<br>*Plaintiffs*,<br><br>VS.<br><br>SOUTHERN SPECIALTIES TRANSPORTATION LLC; AND SHANE RICKY PRUDHOMME<br>*Defendants* | CIVIL ACTION NO. 5:16-cv-65-FB<br>(JURY REQUESTED) |

## AGREED FINAL JUDGMENT

On this day came on to be heard the above entitled and numbered civil action. The Plaintiffs, Rene Olguin, Debra Garcia Olguin, and Monica Olguin, Individually and as Next Friend of AXXXXXX HXXXXXXXX, JR., KXXXXXX Z. HXXXXXXXX, and FXXXXX R. OXXXXX, JR., minor children, appeared by and through their attorney of record, Tim Maloney of the Law Offices of Maloney & Campolo, L.L.P. The minor Plaintiffs, AXXXXXX HXXXXXXXX, JR., KXXXXXX Z. HXXXXXXXX, and FXXXXX R. OXXXXX, JR., appeared by and through their Next Friend, Monica Olguin, their attorney of record, Tim Maloney, and by and through their Guardian Ad Litem, Daniel V. Pozza, who previously had been duly appointed by the Court. The Defendants, Southern Specialties Transportation, LLC and Shane Ricky Prudhomme, appeared by and through their attorney of record, William J. Cozort, Jr. All parties announced that they were ready for trial; and the Court, having jurisdiction, and a jury having been waived, all matters of fact as well as of law were submitted to the Court.

WHEREUPON, the parties further made known to the Court that, subject to approval by the Court, the subject matter of this civil action had been compromised and settled by agreement and that under the terms of said agreement the Defendants have agreed to pay a confidential sum out of which confidential sum the Plaintiffs are to pay all of Plaintiffs' costs, expenses, and attorneys' fees (including costs, expenses, and/or attorneys' fees attributable to the claims of the minor Plaintiffs); and as part of, and not in addition to, the total consideration to be paid in full satisfaction of all claims asserted, the Defendants will pay separate confidential sums to purchase annuities which shall provide future periodic payments to the Plaintiffs as set forth below.

The Court having read the pleadings and having been apprised of the evidence, having fully inquired into the facts and circumstances concerning the incident made the basis of this civil action, and the nature and extent of the damages suffered by each of the Plaintiffs, including the minor Plaintiffs, having received input from the Court appointed Guardian Ad Litem of the minor Plaintiffs, having been fully advised as to the terms of the proposed settlement agreement, having been fully advised of all facts concerning both liability and damages, and the parties having made a full disclosure to the Court of all other facts necessary for a proper consideration and adjudication of this cause, and for arriving at a determination as to whether such settlement agreement should be approved by the Court, finds that the proposed settlement and compromise of all claims, demands, and causes of action of the minor Plaintiffs involved herein is fair, just, reasonable and in the best interests of the minor Plaintiffs, and that same should be and is hereby approved and incorporated as part of this Judgment by the Court.

It is therefore ORDERED, ADJUDGED and DECREED that the Defendants through Defendants' assignee shall provide certain future payments to the minor Plaintiff, AXXXXXX HXXXXXXXX, JR., through the purchase of an annuity contract in a confidential present value amount to be issued by Berkshire Hathaway Life Insurance Company of Nebraska. The right to receive periodic payments granted to the minor Plaintiff, AXXXXXX HXXXXXXXX, JR., in this Agreed Final Judgment may not be sold, transferred, hypothecated, pledged, or otherwise alienated in any manner, directly or indirectly, without the prior approval of the then sitting Judge of this Court, as evidenced by an order approving such transaction entered after compliance with all requirements of the Structured Settlement Protection Act §§141.001, Texas Civil Practice and Remedies Code, as it now exists or may hereafter be amended, or any successor to such statute. Any purported or attempted sale, transfer, hypothecation, pledge, or other alienation of such payment rights that has not been so approved will be a direct violation of this Order. The Court finds that an annuity contract in a confidential present value amount has been purchased by the Defendants through Defendants' assignee from Berkshire Hathaway Life Insurance Company of Nebraska rated AA+ by Standard and Poors and *AA++ Class XV* by the A.M. Best Company. Said annuity contract will provide future periodic payments to AXXXXXX HXXXXXXXX, JR. as set forth in the Confidential Settlement, Release and Indemnity Agreement.

It is further ORDERED that the Defendants through Defendants' assignee shall provide certain future payments to the minor Plaintiff, KXXXXXX Z. HXXXXXXXX, through the purchase of an annuity contract in a confidential present value amount to be issued by Berkshire Hathaway Life Insurance Company of Nebraska. The right to

receive periodic payments granted to the minor Plaintiff, KXXXXXX Z. HXXXXXXXX, in this Agreed Final Judgment may not be sold, transferred, hypothecated, pledged, or otherwise alienated in any manner, directly or indirectly, without the prior approval of the then sitting Judge of this Court, as evidenced by an order approving such transaction entered after compliance with all requirements of the Structured Settlement Protection Act §§141.001, Texas Civil Practice and Remedies Code, as it now exists or may hereafter be amended, or any successor to such statute.  Any purported or attempted sale, transfer, hypothecation, pledge, or other alienation of such payment rights that has not been so approved will be a direct violation of this Order.  The Court finds that an annuity contract in a confidential present value amount has been purchased by the Defendants through Defendants' assignee from Berkshire Hathaway Life Insurance Company of Nebraska rated AA+ by Standard and Poors and *AA++ Class XV* by the A.M. Best Company.  Said annuity contract will provide future periodic payments to KXXXXXX Z. HXXXXXXXX as set forth in the Confidential Settlement, Release and Indemnity Agreement.

It is further ORDERED that the Defendants through Defendants' assignee shall provide certain future payments to the minor Plaintiff, FXXXXX R. OXXXXX, JR., through the purchase of an annuity contract in a confidential present value amount to be issued by Berkshire Hathaway Life Insurance Company of Nebraska. The right to receive periodic payments granted to the minor Plaintiff, FXXXXX R. OXXXXX, JR., in this Agreed Final Judgment may not be sold, transferred, hypothecated, pledged, or otherwise alienated in any manner, directly or indirectly, without the prior approval of the then sitting Judge of this Court, as evidenced by an order approving such transaction

entered after compliance with all requirements of the Structured Settlement Protection Act §§141.001, Texas Civil Practice and Remedies Code, as it now exists or may hereafter be amended, or any successor to such statute. Any purported or attempted sale, transfer, hypothecation, pledge, or other alienation of such payment rights that has not been so approved will be a direct violation of this Order. The Court finds that an annuity contract in a confidential present value amount has been purchased by the Defendants through Defendants' assignee from Berkshire Hathaway Life Insurance Company of Nebraska rated AA+ by Standard and Poors and *AA++ Class XV* by the A.M. Best Company. Said annuity contract will provide future periodic payments to FXXXXX R. OXXXXX, JR. as set forth in the Confidential Settlement, Release and Indemnity Agreement.

It is further ORDERED that the Defendants through Defendants' assignee shall provide certain future payments to Plaintiff, MONICA OLGUIN, through the purchase of an annuity contract in a confidential present value amount to be issued by Berkshire Hathaway Life Insurance Company of Nebraska. The right to receive periodic payments granted to Plaintiff, MONICA OLGUIN, in this Agreed Final Judgment may not be sold, transferred, hypothecated, pledged, or otherwise alienated in any manner, directly or indirectly, without the prior approval of the then sitting Judge of this Court, as evidenced by an order approving such transaction entered after compliance with all requirements of the Structured Settlement Protection Act §§141.001, Texas Civil Practice and Remedies Code, as it now exists or may hereafter be amended, or any successor to such statute. Any purported or attempted sale, transfer, hypothecation, pledge, or other alienation of such payment rights that has not been so approved will be a direct violation of

this Order. The Court finds that an annuity contract in a confidential present value amount has been purchased by the Defendants through Defendants' assignee from Berkshire Hathaway Life Insurance Company of Nebraska rated AA+ by Standard and Poors and *AA++ Class XV* by the A.M. Best Company. Said annuity contract will provide future periodic payments to MONICA OLGUIN as set forth in the Confidential Settlement, Release and Indemnity Agreement.

It is further ORDERED that the Defendants through Defendants' assignee shall provide certain future payments to Plaintiffs, RENE OLGUIN and DEBRA GARCIA OLGUIN, through the purchase of an annuity contract in a confidential present value amount to be issued by Berkshire Hathaway Life Insurance Company of Nebraska. The right to receive periodic payments granted to Plaintiffs, RENE OLGUIN and DEBRA GARCIA OLGUIN, in this Agreed Final Judgment may not be sold, transferred, hypothecated, pledged, or otherwise alienated in any manner, directly or indirectly, without the prior approval of the then sitting Judge of this Court, as evidenced by an order approving such transaction entered after compliance with all requirements of the Structured Settlement Protection Act §§141.001, Texas Civil Practice and Remedies Code, as it now exists or may hereafter be amended, or any successor to such statute. Any purported or attempted sale, transfer, hypothecation, pledge, or other alienation of such payment rights that has not been so approved will be a direct violation of this Order. The Court finds that an annuity contract in a confidential present value amount has been purchased by the Defendants through Defendants' assignee from Berkshire Hathaway Life Insurance Company of Nebraska rated AA+ by Standard and Poors and *AA++ Class XV* by the A.M. Best Company. Said annuity contract will provide future periodic

payments to RENE OLGUIN AND DEBRA GARCIA OLGUIN as set forth in the Confidential Settlement, Release and Indemnity Agreement pertaining to the claims of such Plaintiffs.

The Court further finds that Daniel V. Pozza duly appeared herein as Guardian Ad Litem on behalf of the minor Plaintiffs, AXXXXXX HXXXXXXXX, JR., KXXXXXX Z. HXXXXXXXX, and FXXXXX R. OXXXXX, JR. The Court notes that in acting in the capacity of court appointed Guardian Ad Litem, Daniel V. Pozza reviewed the evidence and proposed settlement herein from the view point of the respective minor Plaintiffs, and recommended to the Court that the settlement be approved as being fair, just, reasonable and in the best interest of each respective minor Plaintiff. The Court finds that a reasonable fee as compensation for the services rendered by Daniel V. Pozza is $3,600.00.

It is hereby ORDERED by the Court that Daniel V. Pozza, Guardian Ad Litem for the minor Plaintiffs, AXXXXXX HXXXXXXXX, JR., KXXXXXX Z. HXXXXXXXX, and FXXXXX R. OXXXXX, JR., be paid the sum of $3,600.00 as a reasonable guardian ad litem fee. The Court finds that the Defendants shall be liable for the payment of the fees of the Guardian Ad Litem. Upon entry of this Agreed Final Judgment, the Guardian Ad Litem's duties are satisfied, completed and fully discharged, and the Guardian Ad Litem shall have no further duty or legal responsibility with respect to the interests of the respective minor Plaintiffs. Accordingly, the Guardian Ad Litem is hereby discharged by the Court.

It is further ORDERED that once the guardian ad litem fee assessed by this Final Judgment is paid by the Defendants, the Defendants shall have no further responsibility

for payment of any additional guardian ad litem fee in the future with respect to this matter.

It is further ORDERED that all costs of court are taxed against the party incurring same with the exception of the guardian ad litem fee which is taxed and assessed as ordered above.

It further appearing to the Court that all sums awarded by this Judgment that were agreed to be paid and ordered to be paid on or before the date of this Judgment have been paid, and that all costs of court have been paid; it is therefore, ORDERED that no execution or other writs or processes to aid in, or effectuate, the enforcement of this Final Judgment shall issue on this Final Judgment as to Defendants Southern Specialties Transportation, LLC and Shane Ricky Prudhomme.

It is further ORDERED, ADJUDGED and DECREED that this is a Final Judgment in this civil action disposing of all claims and all parties and that all relief not expressly granted to the parties by this Final Judgment is DENIED, whether such relief was requested or whether it could have been requested in this cause.  Motions pending, if any, are also DENIED, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 9th day of September, 2016.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE

APPROVED AND AGREED TO:

*/s/ Tim Maloney*
TIM MALONEY
State Bar No. 12887380
926 S. Alamo
San Antonio, Texas 78205
(210) 922-2200 – Telephone
(210) 923-1313 – Facsimile
tmaloney@maloneyandcampolo.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

*/s/ Daniel V. Pozza*
DANIEL V. POZZA
State Bar No. 16224800
Pozza & Whyte, PLLC
239 E. Commerce Street
San Antonio, Texas 78205-2923
(210) 226-8888 – Telephone
(210) 222-8477 – Facsimile
danpozza@yahoo.com

**GUARDIAN AD LITEM FOR MINOR PLAINTIFFS,**
Axxxxxx Hxxxxxxxx, JR., Kxxxxxx Z. Hxxxxxxxx and
Fxxxxx R. Oxxxxx, JR.

*/s/ William J. Cozort, Jr.*
WILLIAM J. COZORT, JR.
State Bar No. 04967550
Federal I.D. No. 12299
Two Memorial City Plaza
820 Gessner, Suite 1075
Houston, Texas 77024
(713) 337-0750 - Telephone
(713) 337-0760 - Facsimile
wcozort@brothers-law.com

**ATTORNEY-IN-CHARGE FOR DEFENDANTS,
SOUTHERN SPECIALTIES TRANSPORTATION, LLC
AND SHANE RICKY PRUDHOMME**